# EXHIBIT F

## Gearing Declaration

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| **Inventor(s):** | Ron Hadar | **Examiner:** | Robert L. Deberadinis |
| **Serial No.:** | 12/562,933 | **Art Unit:** | 2836 |
| **Filed:** | September 18, 2009 | **Confirmation:** | 5302 |
| **Title:** | SYSTEMS AND METHOD FOR LIMITING MAXIMUM VOLTAGE IN SOLAR PHOTOVOLTAIC POWER GENERATION SYSTEMS | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**RESPONSE TO NON-FINAL OFFICE ACTION**

Dear Sir:

In response to the Non-Final Office Action mailed June 23, 2011, please enter the following amendments and consider the following remarks/arguments.

**IN THE CLAIMS**

1. (Currently Amended) An energy production system, comprising:

a string bus;

a first solar module connected to the string bus and generating a first voltage;

a second solar module connected to the string bus and generating a second voltage; [[and]]

a single controller configured to limit at least one of the first [[or]] and second voltages provided to the string bus;

a first local management unit coupled between the first solar module and the string bus, and in communication with the single controller; and

a second local management unit coupled between the second solar module and the string bus, and in communication with the single controller.

2. (Canceled)

3. (Original) The energy production system of claim 2, wherein the controller controls the first local management unit and the second local management unit.

4. (Original) The energy production system of claim 1, wherein the controller comprises:

a first local management unit coupled between the first solar module and the string bus; and

a second local management unit coupled between the second solar module and the string bus.

5. (Original) The energy production system of claim 1, further comprising a switchable connection between:

the first solar module and the string bus; and

the second solar module and the string bus.

6. (Currently Amended) The energy production system of claim 5, wherein the switchable connection includes at least one ~~or more~~ transistor[[s]].

7. (Currently Amended) The energy production system of claim 6, wherein:

the first voltage provided to the string bus is controlled via a duty cycle parameter and a phase parameter applied to [[of]] the at least one or more transistor of the first local management unit; and

the second voltage provided to the string bus is controlled via a duty cycle of the at least one or more transistor of the second local management unit.

8. (Original) The energy production system of claim 1, wherein the controller prevents a voltage on the string bus from exceeding a predefined limit.

9. (Currently Amended) An energy production system, comprising:

a string bus;

a solar module connected to the string bus and generating a voltage; and

a controller in communication with the solar module and the string bus, and configured to control the voltage provided to the string bus based on a predicted future voltage as predicted by the controller and a maximum regulatory safety voltage.

10. (Original) The energy production system of claim 9, wherein a connection between the solar module and the string bus can be disconnected via a switch.

11. (Original) The energy production system of claim 10, wherein the controller adjusts the duty cycle of the switch.

12. (Original) The energy production system of claim 10, wherein the switch is a transistor.

13. (Original) The energy production system of claim 9, wherein the predicted future voltage is based on a voltage trend.

14. (Original) The energy production system of claim 9, wherein the controller is further configured to limit the voltage provided to the string bus to a default voltage.

15. (Original) The energy production system of claim 14, wherein the default voltage is used when the voltage exceeds a voltage threshold.

16. (Original) The energy production system of claim 9, wherein the solar module is connected to the string bus via a local management unit.

17. (Currently Amended) A method comprising:

monitoring a first voltage across a first string bus section connecting a first solar module to a second solar module;

monitoring a second voltage across a second string bus section connecting the second solar module to a voltage output; and

limiting the voltage output based on a maximum regulatory safety voltage by limiting at least one of a voltage of the first solar module and a voltage of the second solar module.

18. (Currently Amended) The method of claim 17, wherein limiting comprises limiting the at least one voltage of the first solar module [[or]] and the second solar module when the respective at least one voltage of the first solar module and the second solar module exceeds a voltage threshold.

19. (Original) The method of claim 17, wherein the limiting comprises controlling the first voltage by controlling the duty cycle of a first switchable connection coupled between the first solar module and the string bus, and wherein the limiting comprises controlling the second voltage by controlling the duty cycle of a second switchable connection coupled between the second solar module and the string bus.

20. (Original) The method of claim 17, wherein the limiting is based on a predicted future voltage.

## REMARKS

The foregoing amendments and the remarks that follow are meant to impart precision to the claims, and more particularly point out the invention, rather than to avoid prior art.

Claims 1-20 are pending in the application. Claims 1-20 were rejected. Claims 1, 6, 7, 9, 17, and 18 have been amended. Claim 2 has been canceled. No new matter has been added.

### 35 U.S.C. 102

Claims 1-20 were rejected under 35 U.S.C. 102(e) as being anticipated by U.S. Patent No. 7,605,498 ("Ledenev"). Applicant respectfully traverses all of the rejections.

<u>The Prior Art Teaches Away From: "a first local management unit coupled between the first solar module and the string bus, and in communication with the single controller; and a second local management unit coupled between the second solar module and the string bus, and in communication with the single controller"</u>

As amended, Claim 1 recites, *inter alia*: "a first local management unit coupled between the first solar module and the string bus, and in communication with the single controller; and a second local management unit coupled between the second solar module and the string bus, and in communication with the single controller". These claim features were recited in Claim 2, which has now been canceled. None of the cited prior art references teaches this claim feature.

The Examiner cited column 7, lines 59-68 and column 8, lines 1-49 and reference in Ledenev to a maximum photovoltaic power point tracking circuit. Office Action, at 3. Applicant respectfully submits that the Examiner's citations to Ledenev have no bearing on the claim features recited in Claim 1 -- e.g., first local management unit and second local management unit. Further, the Examiner cited inherency in Ledenev. However, it is respectfully submitted that alleged inherency is incorrect and based on impermissible hindsight.

Further, in the rejection of Claim 11, the Examiner cited column 11, lines 1-5 of Ledenev. Office Action, at 4. There, Ledenev discusses switching control by a "converter functionality control circuitry (8)". Thus, the Examiner has equated the claim feature of a controller with the converter functionality control circuitry (8) as disclosed in Ledenev.

In Figure 1 of Ledenev, which was not cited by the Examiner in this regard, Ledenev discloses that each DC-DC power converter (4) has its own dedicated converter functionality

control circuitry (8). Thus, the Ledenev system requires an array of converter functionality control circuitry units (8), one for each DC-DC power converter (4) in the array of DC-DC power converters (4). To avoid any doubt, Ledenev goes on to consistently and expressly teach the same requirement:

> As shown in FIG. 2, this can be achieved by a *plurality* of high efficiency photovoltaic converter control circuitries controlling each of the plurality of high efficiency photovoltaic DC-DC power converters (4). These may include a *plurality* of individually panel *dedicated* maximum photovoltaic power point converter functionality control circuitries.

Ledenev, col. 8, lines 30-36 (emphasis added).

By its own words, Ledenev expressly *teaches away* from the claim feature. The Ledenev system requires multiple, dedicated controllers. In contrast, the claim feature recites a *single* controller.

Thus, Claim 1, as well as its dependent claims, are patentable.

<u>The Prior Art Fails to Disclose or Teach: "the first voltage provided to the string bus is controlled via a duty cycle parameter and a phase parameter applied to the at least one transistor of the first local management unit"</u>

As amended, Claim 7 recites, *inter alia*: "the first voltage provided to the string bus is controlled via a duty cycle parameter and a phase parameter applied to the at least one transistor of the first local management unit". None of the cited prior art references teaches this claim feature.

Ledenev fails to disclose or otherwise teach the use of a *phase parameter* applied to a transistor in a local management unit, as claimed.

Thus, Claim 7 is patentable for this additional reason.

<u>The Prior Art Teaches Away From: "a controller in communication with the solar module and the string bus, and configured to control the voltage provided to the string bus based on a predicted future voltage as predicted by the controller and a maximum regulatory safety voltage"</u>

As amended, Claim 9 recites, *inter alia*: "a controller in communication with the solar module and the string bus, and configured to control the voltage provided to the string bus based

on a predicted future voltage as predicted by the controller and a maximum regulatory safety voltage". None of the cited prior art references teaches this claim feature.

Ledenev is replete with disclosures about the importance of MPPT. Column 9, lines 11-25 of Ledenev, which was cited by the Examiner, is merely one example of Ledenev's primary focus on MPPT to facilitate modulation and limitations on voltage. However, Ledenev stops there, and fails to address or even contemplate anything beyond MPPT considerations. Simply put, Ledenev fails to fathom safety considerations in any way. Nothing in Ledenev teaches controlling the voltage provided to a string bus based on a *maximum regulatory safety voltage*, as claimed.

Thus, Claim 9, as well as its dependent claims, are patentable.

<u>The Prior Art Teaches Away From: "limiting the voltage output based on a maximum regulatory safety voltage by limiting at least one of a voltage of the first solar module and a voltage of the second solar module"</u>

As amended, Claim 17 recites, *inter alia*: "limiting the voltage output based on a maximum regulatory safety voltage by limiting at least one of a voltage of the first solar module and a voltage of the second solar module". None of the cited prior art references teaches this claim feature.

For reasons similar to Claim 9, Claim 17, as well as its dependent claims, are patentable.

## CONCLUSION

It is respectfully submitted that all of the Examiner's objections have been successfully traversed and that the application is now in order for allowance. Accordingly, reconsideration of the application and allowance thereof is courteously solicited.

Authorization is hereby given to charge our Deposit Account No. 50-2638 for any charges that may be due. Furthermore, if an extension is required, then such an extension is hereby requested.

Respectfully submitted,

Date: October 24, 2011

/James W. Soong/
James W. Soong
Registration No. 40,824

**Customer Number 64494**
GREENBERG TRAURIG, LLP
(650) 328-8500 Telephone
(650) 328-8508 Facsimile