**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| TIGO ENERGY INNOVATIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>ENPHASE ENERGY, INC.,<br><br>Defendant. | No. 7:26-cv-00328-DC<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT ENPHASE ENERGY, INC.'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO STAY PENDING TRANSFER**

Defendant Enphase Energy, Inc. ("Enphase") has moved to stay all non-venue proceedings until the Court resolves Enphase's Motion to Transfer the case to the Northern District of California ("NDCA"). ECF No. 12 ("Mot."). In its Opposition, Plaintiff Tigo Energy Innovations LLC ("TEI") acknowledges that the Motion to Transfer should take priority but nonetheless opposes deferring merits work set forth in the Court's Standing Order, including infringement and invalidity contentions, technical document productions, and claim construction discovery and briefing. TEI can identify no harm from the requested stay, however, beyond the delay itself. Given that any delay here will be short and TEI can be fully compensated for any delay if it is ultimately able to establish it is entitled to damages in the case, there is no reason for the parties to have to waste time and resources on early discovery and claim construction before the Court rules on the Motion to Transfer.

## I. ARGUMENT

### A. Transfer Priority Warrants a Stay of Non-Venue Proceedings.

TEI agrees that transfer must receive "top priority." Dkt. 27 ("Oppo.") at 1, 5; *see In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020).[1] Enphase merely asks the Court to give practical effect to that priority by allowing venue discovery and related proceedings while deferring substantive litigation regarding TEI's patent infringement claims until Enphase's Motion to Transfer is resolved. Although a transfer motion does not automatically stay proceedings, the Court has discretion to grant a stay in these circumstances. *See, e.g., Bd. of Regents of the Univ. of Texas Sys. v. Alnylam Pharms. Inc.*, No. 1:24-cv-1524-DAE, 2025 WL 5239285, at *2 (W.D. Tex. Nov. 4, 2025).

[1] Enphase's opening brief cites nonprecedential Federal Circuit decisions for their persuasive reasoning. *See* Fed. Cir. R. 32.1(c)–(d). The governing transfer-priority principle independently rests on published authority also cited in that brief. *See In re Horseshoe Entm't*, 337 F.3d at 433; *In re Apple Inc.*, 979 F.3d at 1337.

TEI understates the substantial work the Court's Standing Order requires prior to the *Markman* hearing despite the ordinary discovery stay, including preliminary infringement and invalidity contentions, technical document productions, and claim construction discovery and briefing. *See* Standing Order Governing Patent Proceedings §§ I–II (Aug. 2, 2022). The fact that NDCA also requires comparable disclosures and briefing does not resolve when that work should occur or which court should supervise it. Oppo. at 8–9. Indeed, in *Alnylam*, this Court explicitly rejected this very argument for proceeding before transfer is resolved. 2025 WL 5239285, at *2. Nor does the absence of any imminent merits deadlines weigh against a stay; to the contrary, this early posture permits sequencing without disrupting an existing merits schedule and supports transfer. *See Mulvey v. Vertafore, Inc.*, No. 3:21-CV-00213-E, 2021 WL 4137522, at *1 (N.D. Tex. May 7, 2021) (granting a stay pending transfer where litigation was "in its earliest stages").

The cases TEI relies on in its Opposition are inapposite. In those decisions, the Federal Circuit addressed petitions seeking extraordinary mandamus relief to compel stays under different circumstances than those presented here. In *In re ADTRAN, Inc.*, the Federal Circuit declined to issue a mandamus order compelling the district court to stay the case because the case had already proceeded past the initial stage of the litigation, and venue briefing was scheduled to conclude several weeks before the *Markman* hearing. 840 F. App'x 516, 517 (Fed. Cir. 2021) (unpublished) (noting further delay could still warrant mandamus upon reapplication). In *In re Bose Corp.*, the Federal Circuit declined to issue a mandamus order staying the case where venue briefing was already complete, and the district court had committed to resolving the venue issues before the *Markman* hearing. 848 F. App'x 426, 427 (Fed. Cir. 2021) (unpublished). *In re Volkswagen Grp. of Am., Inc.* likewise denied mandamus where venue briefing was already complete and the district court indicated it would rule before a *Markman* hearing. 851 F. App'x 1036, 1036–37 (Fed. Cir.

2021) (unpublished). Here, Enphase seeks a discretionary stay; no *Markman* hearing is set, and venue discovery runs through December 24, 2026, with briefing and a decision to follow.

TEI's reliance on *In re Apple Inc.* is misplaced: that decision expressly reserved whether, and to what extent, merits discovery may proceed during venue discovery, leaving room for case-specific management. 52 F.4th 1360, 1363 (Fed. Cir. 2022). These authorities all preserve the Court's discretion to enter a stay, guided by transfer's "top priority" and the factors below.

**B. Enphase Seeks to Litigate the Merits in the Appropriate Forum.**

TEI's argument that this Court should deny the Motion to Transfer does not justify the parties having to engage in merits litigation before that issue is resolved. Oppo. at 2, 6–7. The stay inquiry requires the Court to review prejudice, hardship, and the use of judicial resources—not a threshold assessment of the transfer motion. *See YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-cv-342-RP, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018).

Regardless, as set forth in detail in Enphase's motion and supporting declarations, the evidence strongly favors transfer here. The accused technology was developed by Enphase in Northern California, and the key witnesses and documents reside there. Mot. at 1–2. In contrast, Enphase does not have any Austin employees who can provide material, non-cumulative testimony regarding this technology. *Id.* TEI's cherry-picked references to Enphase's Texas manufacturing capabilities, an Austin job posting, and reported North Austin testing activities do not, in any way, weigh against transfer here. Oppo. at 2–4, 6–7. Just because Enphase has some presence in Austin does not mean that transfer is inappropriate where the relevant witnesses and documents are located in NDCA. *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318–20 (Fed. Cir. 2021) (directing transfer to NDCA despite an unrelated Austin office). Proper venue in this District does not mean this case should not be transferred under § 1404(a). *See Apple*, 979 F.3d at 1346.

### C. The Discretionary Factors Support Enphase's Tailored Stay.

#### 1. A Stay Will Not Unduly Prejudice TEI.

TEI contends it is entitled to "timely" enforcement of its patent rights, but identifies no competing product, threatened market position, or other concrete injury making this delay unduly prejudicial. Oppo. at 7–8; Mot. at 5–6. Nor could it, given that TEI is, by its own admission, a non-practicing entity. *See* ECF No. 1, ¶¶ 3–5. Damages can adequately compensate TEI for any delay caused by the stay. *See VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). While the requested stay has no fixed end date, it is tied to the pending Motion to Transfer, which will be fully briefed and ready for the Court to decide in a matter of months. Moreover, TEI's seven-month delay between notifying Enphase of its supposed infringement and filing suit (Mot. at 6), along with its request for extension of the briefing schedule on this Motion, undercuts any claimed urgency. *See* ECF No. 21.

In *Wapp Tech Ltd. P'ship v. Apple Inc.*, by contrast, the plaintiffs made "specific allegations of prejudice other than the natural delay," such as needing discovery from Apple to pursue claims against other defendants; in addition, substantial discovery and claim construction work was also well underway at the time of the requested stay. No. 4:25-CV-230, 2026 WL 1195045, at *3, *7 & n.9, *9 & n.10 (E.D. Tex. May 1, 2026). Here, TEI identifies no concrete injury beyond "natural delay," and this case is in its earliest stages. *See* Oppo. at 7–9.

#### 2. Proceeding Now Would Impose Avoidable Burdens on Enphase.

Preparing invalidity contentions, technical document productions, and claim construction briefs for 10 patents requires <u>substantial</u> work before the *Markman* hearing. Mot. at 6–8. Potential usefulness after transfer does not justify requiring it now. *See Alnylam*, 2025 WL 5239285, at *2 (rejecting argument that discovery should proceed because it would be required in either forum).

While *Wapp* found ordinary litigation expenses insufficient to justify a stay, that case had already progressed under an operative schedule through discovery hearings, a *Markman* hearing, and a claim construction decision. 2026 WL 1195045, at *3, *8–9 & n.10. Enphase seeks to defer substantial merits work at the very outset of the case while the Court resolves the transfer motion. Mot. at 1–2, 6–8. At this early stage, there is a clear case of hardship or inequity to Enphase favoring a stay, even assuming a remote possibility of injury to TEI.

### 3. Resolving Transfer First Will Conserve Judicial Resources.

The absence of an operative scheduling order or pending merits dispute favors establishing the proper sequence of events now. A stay avoids disputes over contentions, document productions, and claim construction before the Court decides which forum should supervise them. *See Apple*, 52 F.4th at 1362–63. If transfer is denied, merits litigation resumes here. If transfer is granted, then the transferee court can manage those issues from the outset, under its own schedule.

*In re Netflix, Inc.* denied extraordinary mandamus relief where transfer briefing was complete, a prompt ruling was anticipated, and a *Markman* hearing was scheduled, while recognizing that a stay may avoid unnecessary expense and prejudice when transfer cannot be resolved promptly. No. 2021-190, 2021 WL 4944826, at *1–2 (Fed. Cir. Oct. 25, 2021) (unpublished). Here, no *Markman* hearing is set, and venue discovery and briefing remain. And as TEI describes it, *Evolutionary Intelligence, LLC v. Sprint Nextel, Inc.* preserved "imminent" invalidity contentions under an existing schedule while staying all other deadlines. No. 6:12-cv-00791, 2013 WL 12162396, at *1–2 (E.D. Tex. Sept. 18, 2013); Oppo. at 9. That supports a tailored stay now, before a scheduling order is entered and deadlines become "imminent."

## D. CONCLUSION

Enphase respectfully requests that the Court grant its Motion to Stay.

Dated: November 5, 2026

Respectfully submitted,

*/s/ Christopher Kao*

Christopher Kao (*admitted in W.D. Tex.*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
4 Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: 415.983.1000
Email: christopher.kao@pillsburylaw.com

Brian Paul Gearing (*pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC 20036
Telephone: 202.663.8000
brian.gearing@pillsburylaw.com

ATTORNEYS FOR DEFENDANT
ENPHASE ENERGY, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 5, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that all counsel of record who have appeared in this case were served with a copy of this document through the Court's CM/ECF system.

*/s/ Christopher Kao*
Christopher Kao